IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 2:19-cr-135-RAH |
| | ) |
| JEROME DARNELL BROWN | ) |

**MEMORANDUM OPINION and ORDER**

On March 17, 2020, the Chief Judge of the Middle District of Alabama entered a General Order in response to the outbreak of Coronavirus Disease 2019 (COVID-19), and the rapidly evolving threat to health and safety posed by the outbreak, that continued all jury trials, including this criminal trial, for 30 days pending further Order of the Court. IN RE: COVID-19, 2:20-mc-3910-ECM, Doc. 2 (March 17, 2020). The Chief Judge also issued an Order on March 18, 2020 restricting access to Courthouses in the Middle District of Alabama. (*Id*. at Doc. 3.) Jury selection and trial previously were set in this case on the term of court commencing on April 13, 2020.

The Speedy Trial Act excludes from certain of its computations any delay resulting from a continuance granted by the Court based on its "findings that the ends of justice served by" granting the continuance "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). To be effective at rendering the time excludable, the Court must "set[] forth, in the record

of the case" the reasons for its "ends of justice" determination. *Id.* Appellate courts have enforced "with procedural strictness" the rule regarding such findings. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016) (applying *Zedner v. United States*, 547 U.S. 489 (2006)).

The Chief Judge made an ends-of-justice finding in the General Order and set forth the reasons for that finding. IN RE: COVID-19 at 1-2. Moreover, the Chief Judge made clear that, due to the unprecedented nature of the Public Health Emergency caused by the COVID-19 virus, the ends-of-justice finding and the supporting reasons applied equally to "any" defendant currently pending adjudication of guilt in this District, including Defendant Brown. *Id.*

In light of the Speedy Trial Act's admonition that such findings and reasons be "set[] forth, the record of the case," 18 U.S.C. § 3161(h)(7)(A), the Court adopts the General Order, its findings, and its reasons into the record of this case. The Court also notes that other reasons individually attributable to this case may further support the ends-of-justice finding. The Court reserves the right to set forth any such findings in the future. 18 U.S.C. § 3161(c)(1). In light of the current COVID-19 pandemic, and for good cause, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial. Thus, for good cause, it is

ORDERED as follows:

(1) Jury selection and trial are CONTINUED from April 13, 2020 to the criminal term of court commencing on May 11, 2020 at 10:00 a.m. in Montgomery, Alabama. All deadlines tied to the trial date are adjusted accordingly.

(2) The United States Magistrate Judge shall conduct a pretrial conference prior to the May trial term.

DONE, this 23rd day of March, 2020.

                                        /s/ R. Austin Huffaker, Jr.
                              R. AUSTIN HUFFAKER, JR.
                              UNITED STATES DISTRICT JUDGE